

MEMO ENDORSED

**AARON R. EASLEY**
908-237-1660
aeasley@sessions.legal

March 1, 2021

Via ECF
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

> **Re:** ***Rosenfeld v. Capital Management Services, LP, et al,* 7:19-cv-11490**
> **Response to Plaintiff's Motion to Reopen Discovery**

Dear Judge Karas,

SESSIONS, ISRAEL & SHARTLE represents Capital Management Services, LP ("CMS"), one of the defendants in the above-captioned matter.  CMS writes in response to Plaintiff's letter motion ("Plaintiff's Motion") to reopen discovery and/or strike CMS's Motion for Summary Judgment.  The Court should deny Plaintiff's Motion because Plaintiff had months engage in discovery on whether the relevant debt was accruing interest, late fees, *and* other charges and to respond to CMS's summary judgment motion.  She simply failed to do so.  And her attempt to shift blame for her failure to CMS is meritless, bordering on absurd.

## I.   FACTUAL BACKGROUND

This Fair Debt Collection Practices Act ("FDCPA") case arises out of a letter ("the Letter") that CMS sent Plaintiff to collect her unpaid debt ("the Debt") to Barclays Bank ("Barclays") letter.  In pertinent part, the Letter states "[B]ecause of interest, late charges and other charges that may vary from day to day, the balance on the day you pay will be greater."

In the Original Complaint, which was filed in August 2019, Plaintiff alleged the Letter was "deceptive" under the FDCPA because the Debt allegedly was not accruing interest and was static.  *See* Dkt. 1.  On March 12, 2020, CMS requested a conference with the Court to discuss its proposed summary judgment motion.  *See* Dkt. 10.  CMS attached to its request a declaration from Barclays which states that while the Debt was placed with CMS, it was "subject to increase due to interest *and fees*."  Dkt. 10-1 (emphasis added).

***In her March 31, 2020 response, Plaintiff asked to file an Amended Complaint, which the Court granted.*** Dkt. 13.  ***The Amended Complaint asserts the Letter was "deceptive" because, while the Debt was admittedly accruing interest, it allegedly was not also accruing late charges and other charges ("the Charges issue" or "Charges theory").*** Dkt. 16.

3 Cross Creek Drive   Flemington, New Jersey   08822-4938

(908) 237-1660   (908) 237-1663  F   www.sessions-law.com

CALIFORNIA ● COLORADO ● FLORIDA ● GEORGIA ● ILLINOIS ● LOUISIANA ● NEW JERSEY ● NEW YORK ● PENNSYLVANIA ● TEXAS

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

March 1, 2021 – Page 2
*Rosenfeld v. Capital Management Services, LP, et al,* 7:19-cv-11490

    ***On September 15, 2020—nearly six months after raising the Charges Issue—CMS filed a request for a pre-motion conference to discuss its proposed summary judgment. The request explains that Plaintiff's theory fails because the Debt was subject to interest, late charges, <u>and</u> other charges when CMS sent its Letter, and attached another declaration from Barclays proving as much.*** Dkt. 27.

    Plaintiff asked the Court to deny the request to permit her to take discovery. Dkt. 30. At the October 30, 2020 conference, the Court agreed to permit Plaintiff to take discovery and ordered that CMS filed its Motion for Summary Judgment no later than December 31, 2020 and Plaintiff to oppose the Motion by January 31, 2021. Plaintiff thereafter issued two separate sets of interrogatories (one on November 1, 2020 and another on December 7, 2020), none of which related to the Charges issue.

    On December 30, 2020, CMS filed its summary judgment motion as per the Court's order. Dkt. 40. On January 27, 2021, Plaintiff filed an unopposed request for an extension of time to oppose the Motion, which said absolutely nothing about her alleged need for additional discovery on the Charges issue. Dkt. 41. The Court gave Plaintiff until March 2, 2021 to file an opposition to CMS's summary judgment motion.

    Now, on the eve of her opposition being due, Plaintiff asks the Court to reopen discovery and/or strike CMS's summary judgment motion.

## II. <u>LAW AND ARGUMENT</u>

    Plaintiff's motion to reopen discovery is meritless and should be denied.

    ***First, the request to reopen discovery is far too little, far too late.*** Plaintiff first raised the issue of whether the Debt was subject to accruing "interest, late charges, *and* other charges" in March 2020. In September 2020, CMS filed with the Court a declaration from Barclays attesting that the Debt was accruing "interest, late charges, *and* other charges."

    Despite this, Plaintiff did not issue a single discovery request relating to this issue. And her motion does not give any reason why she failed to. Instead, she tries to shift the blame to CMS for her failure. However, as the October 2020 email chain Plaintiff relies on explains, CMS has *always* maintained Plaintiff's Charges theory fails as a matter of fact and law fails and that it planned to move for summary judgment on the issue. If Plaintiff had any concerns with that, the time to involve the Court was in the two months prior to CMS's filing its Motion, not two months later and after a request for an extension in which she did not even raise the issue.

    ***Second, and as explained in CMS's pre-motion letter and Motion for Summary Judgment, whether the Debt was accruing "interest, late charges, and other charges" is not relevant.*** The statement in CMS's Letter mirrors the *Avila* "safe harbor" language endorsed by the Second Circuit when a debt is subject to increase for any reason. *See Avila v. Riexinger &*

**SESSIONS, ISRAEL & SHARTLE**
ATTORNEYS AT LAW

March 1, 2021 – Page 3
*Rosenfeld v. Capital Management Services, LP, et al,* 7:19-cv-11490

*Associates*, 817 F.3d 72 (2d Cir. 2016).  And courts in the Second Circuit have repeatedly held that providing this language is *not* deceptive so long as one of the three components (interest, late charges, *or* other charges) is subject to accrual.  *See, e.g., Avila v. Reliant Capital Sols., LLC*, 2018 WL 5982488, *4 (E.D.N.Y. Nov. 14, 2018) ("In order for the safe harbor language to be accurate, it is only necessary for one of the three components to change."); *Buccilli v. Foster & Garbus, LLP*, 2019 WL 1208792, *5 (E.D.N.Y. Mar. 12, 2019) (same).  "To hold otherwise would upset the reliance interests of the many debt collectors who, taking the Second Circuit at its word, drafted collection letters based on that guidance."  *Buccilli*, 2019 WL 1208792, at *5.  Plaintiff's Charges theory fails whether or not late charges and other charges were accruing because, as Plaintiff admits the Debt, in fact, accrued interest and, in fact, increased after CMS sent its Letter.

Plaintiff's request that the Court strike CMS's summary judgment motion is also meritless, bordering on frivolous.  CMS alerted Plaintiff of its intent to move for summary judgment on the Charges issue in its September 2020 request for a pre-motion conference.  ***The Court ordered CMS to file its Motion for Summary Judgment by December 31, 2020, which CMS did.  Nothing in the Court's order limits the issues on which CMS was permitted to move for summary judgment.  See Dkt. 36.***

In sum, despite Plaintiff's accusations to the contrary, she has had ample time to engage in discovery on the Charges issue and her failure to engage in such discovery is entirely of her making.  Her efforts to blame CMS for her failure and to suggest that CMS should be sanctioned are totally improper.  CMS's summary judgment—which was filed nearly two months ago—is ripe for disposition, and Plaintiff should be ordered to file an opposition in short order.

Respectfully submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley

Plaintiff's application is granted, and CMS's Motion For Summary Judgment, (Dkt. No. 40), is denied without prejudice.  Upon the conclusion of discovery CMS may file a pre-motion letter requesting leave to re-file its Motion.  The Parties are to file a proposed case management order by 3/8/2021.

At the pre-motion conference on October 30, 2020, the Parties agreed that CMS would file a Motion arguing that it was entitled to summary judgment on the following bases only: (1) interest was accruing, and (2) the letter was accurate so long as interest, late charges, _or_ other charges were accruing.  Consistent with this agreement, the Court noted that the Parties would "conduct discovery on the issue of whether interest was accruing and for how long it would accrue," followed by briefing.  (Dkt. (minute entry for Oct. 30, 2020); Dkt. No. 36.)  CMS's Motion is inconsistent with this guidance, and broader than the Motion authorized at the pre-motion conference.

The Clerk of the Court is respectfully directed to terminate the pending motions.  (Dkt. Nos. 40, 43.)
3/1/21

SO ORDERED

KENNETH M. KARAS U.S.D.J.